### HOME BANK v. MIXSON *ET AL.*

#### (121 S. E., 787)

1. APPEAL AND ERROR — PLEADING — REFUSING TO ALLOW DEFENDANT TO AMEND ANSWER WITHIN COURT'S DISCRETION.—Refusing to allow defendant to amend his answer is a matter within the discretion of the Trial Judge, and is not error, in the absence of an abuse of discretion.

2. APPEAL AND ERROR—REFUSING TO ALLOW AMENDMENT, BENEFIT OF WHICH GIVEN BY CHARGE NOT ERROR.—Where defendant got the benefit of his proposed amendment to his answer by a charge to the jury, a refusal to permit the amendment is not error.

3. EVIDENCE—INDORSEMENT OF NOTE "FOR VALUE RECEIVED" CANNOT BE SHOWN BY PAROL TO BE FOR ACCOMMODATION.—Where a written indorsement on a note stated that it was "for value received," it cannot be shown by parol to have been an accommodation indorsement.

4. APPEAL AND ERROR—INSTRUCTION AS TO GUARANTEE'S DELAY IN ENFORCING CLAIM TO SECURITY HELD NOT ERROR, IN ABSENCE OF DAMAGE TO GUARANTOR FROM DELAY.—In payee's action on note against guarantor, an instruction relating to plaintiff's laches or delay in an action in claim and delivery, in which certain alleged security was taken away from plaintiff, *held* not reversible error on the appeal of defendant, in the absence of evidence of loss to defendant from that delay.

5. TRIAL—FAILURE TO CHARGE AS TO EFFECT OF ALLOWING LIMITATIONS TO RUN AGAINST PRINCIPAL HELD NOT ERROR.—In payee's action on note against guarantor, a refusal to charge that, if the plaintiff sued guarantor before the cause of action was barred by the statute of limitations, but failed to sue the maker of the note guaranteed, and thereby allowed the statute of limitations to run

in favor of the party primarily liable, the discharge of the party primarily liable would discharge the party secondarily liable, *held* not error, in view of the Court's charge and Civ. Code 1922, § 3735, relating to the rights of a holder on dishonor.

Before N. G. EVANS, SPECIAL JUDGE, Barnwell, February, 1923.   Affirmed.

Action by Home Bank of Barnwell against E. A. Mixson and T. A. Greene.   Judgment for plaintiff and defendant appeals.

*Mr. G. M. Greene,* for appellants, cites: *Evidence admissible to show note was given for accommodation:* 3 McC., 472; 13 S. C., 332.   *No laches:* 117 S. C., 426. *Not necessary to plead estoppel in pais:* 27 S. C., 235; 81 S. C., 329.   *"Estoppel by laches":* 21 C. J., 1060; 43 S. C., 436.   *Estoppel in pais:* 21 C. J., 1061; 89 S. C., 391.   *Defendant, Greene, an accommodation endorser or guarantor:* 31 L. R. A. (N. S.), 149.   *Promise to pay existing debt is not for value:* 79 N. J. L., 273.   *Where both parties are equally in the wrong defendant holds the stronger position:* 21 C. J., 182, 185; Secs. 168, 164.   *Claim barred by statute against principal is barred against surety:* 70 Iowa, 644.

*Messrs. Jas. E. Davis* and *V. S. Owens,* for respondent, cite: *What will discharge surety:* 117 S. C., 423.   *Burden on defendant to prove estoppel and laches:* 88 S. E., .896; 67 S. C., 432.   *Surety primarily liable:* 53 S. E., 430.

March 11, 1924.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The plaintiff brought his action on the following promissory note:

"$252.92.                    Barnwell, S. C., Feb. 6th, 1915.

"September 15th, 1915, after date I promise to pay to the order of Home Bank of Barnwell two hundred and fifty-two and 92/100 dollars at its banking house, value received

with discount and interest after maturity at the rate of eight per cent. per annum. And in the event of the services of an attorney being required to enforce payment, do agree to pay all counsel fees incurred, not exceeding ten per cent. of the amount remaining due and unpaid.

"No. 1460.                    [Signed] E. A. MIXSON."

Across the back of the above note is printed the following:

"For value received I hereby guarantee the payment of the within note waiving demand, notice of nonpayment, protest and extension.

"[Signed]    W. M. MEYER,

"T. A. GREENE."

Mixson left the State, and Meyer died. The action proceeded against Greene alone. Greene answered, admitting that he signed certain notes, but merely as accommodation endorser, but denied that he had any knowledge of the contents of the note, and did not know what payments had been made on the note and demanded an accounting, and denied each and every other allegation of the complaint. Afterwards Greene moved to amend his answer as follows:

"(1) That upon the notes given by his codefendant, E. A. Mixson, to the plaintiff this defendant wrote his name across the back thereof as an accommodation indorser, and this ·defendant did so indorse said notes upon condition that the plaintiff would take from the defendant, E. A. Mixson, security, by way of chattel and crop mortgages, And the said plaintiff did take from the defendant, E. A. Mixson, such security on the 8th day of January, 1914.

"(2) That thereafter the said plaintiff seized the chattels and crops under said mortgage and was about to sell the same for the purpose of applying the proceeds to the payment of said notes that the defendant, T. A. Greene, had indorsed, when Barrett & Company, Inc., of Augusta, Ga., brought its suit in claim and delivery and took from the plaintiff certain mules covered by the said mortgage. That the said

plaintiff answered the complaint in claim and delivery of Barrett & Company, Inc., denying each and every allegation in said complaint, and for a second defense alleging payment and for a counterclaim alleging that Barrett & Company, Inc., had possessed itself of ten bales of cotton of the aggregate value of $350.00, the property of the plaintiff, and that it had seized from the plaintiff and appropriated to its own use one bay mare mule about ten years old of the value of $200.00.

"(3) That since the suit in claim and delivery of Barrett & Company, Inc., was served upon the plaintiff, and the plaintiff served its answer, no further proceedings thereon have been had, although this defendant, through his attorney, G. M. Greene, Esq., has from time to time requested and urged the plaintiff in this action to bring said cause to trial that the proceeds of the cotton and the mule on which plaintiff had a mortgage might be recovered and applied to the payment of the notes which this defendant had indorsed; but that, notwithstanding said request and demand, the plaintiff in this cause had neglected and refused to press said cause to trial.

"(4) That, had the plaintiff in this action recovered from Barrett & Company, Inc., the ten bales of cotton and the mule, which it is alleged Home Bank of Barnwell had a first lien upon, it would have paid up and discharged the notes which this defendant had indorsed, and which are sued upon in this action."

The motion to amend was refused. The verdict was for the plaintiff, and the defendant appealed.

I. The first assignment of error is that the trial Judge erred in refusing defendant's motion to amend his answer. This assignment of error cannot be sustained for two reasons: (1) It was within his Honor's discretion, and no abuse of discretion has been shown. (2) The appellant got the benefit of his proposed amendment when his Honor charged the jury:

"Was the bank guilty of laches as would relieve T. A. Greene, the guarantor on this note, from any liability? Has the bank been guilty of any act of omission or commission whereby it could have collected this money, paid the note, and relieved the indorser, Mr. Greene, of any liability? · That is a· question for you. You have heard the testimony."

.II. The next assignment of error is that· the trial Judge erred in charging the jury that Greene indorsed the note "for value." This assignment of error cannot be sustained. The written indorsement stated that it was indorsed "for value received," and it could not, as a matter of law, be shown by parol to have been merely as an accommodation indorsement. Besides this, when the appellant was on the stand, he admitted that he had enabled the maker to borrow the money in order to make a crop from which the maker was to pay him money due. The written indorsement was for value received, and appellant's admission showed the same thing.

III. The next assignment of error is:

"That his Honor erred in charging the jury that 'It does not seem that anybody did anything in the Barrett suit. Both had notice of it. One is as guilty of laches as the other. No harm came by reason of the proceedings of the Barrett Case—both sides had notice of it.' "

There was no evidence in the case, or offered, that even tended to show that any loss to the appellant arose from plaintiff's delay in the Barrett suit.

IV. The last assignment of error is as follows:

"That his Honor erred in not charging the jury that, if the plaintiff sued the guarantor before the cause of action was barred by the Statute of Limitations, but failed to sue the maker of the note guaranteed, and thereby allowed the Statute of Limitations to run in favor of the party primarily liable, the discharge of the party primarily liable would discharge the party secondarily liable."

His Honor charged the jury:

"Why, gentlemen, I cannot charge it to you in that language, but I will charge you that if the bank sat still and made no effort to collect the debt against the guarantor or Mixson, and did not proceed but sat still like a dummy, and made no effort to collect its debts and waited until it was barred by the Statute of Limitations, why, of course, it could not collect it now."

Code 1922, Vol. 3, § 3735:

"*Right of Holder on Dishonor.*—Subject to the provisions of this article, when the instrument is dishonored by nonpayment, an immediate right of recourse to all parties secondarily liable thereon accrues to the holder."

The judgment appealed from is affirmed.

MESSRS. JUSTICES WATTS and MARION concur.

MR. JUSTICE COTHRAN (dissenting): The guarantor, whether for value or accommodation, had the right to insist that the guarantee exhaust its remedies against the maker of the note, including the Augusta creditor. The amended answer should have been allowed.